■ CESAR A. PERALES, as Commissioner of New York State Department of Social Services, Respondent, v REID BIELECKI, as Operator and Owner of Halcyon Manor Adult Care Facility, Appellant. [621 NYS2d 94] —In an action pursuant to Social Services Law § 460-d (9) (d) for the recovery of a civil penalty assessed by the Commissioner of the New York State Department of Social Services against the defendant for the operation of an unlicensed adult-care facility, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered September 21, 1992, which imposed civil penalties in the amount of $265,000 for operating an illegal adult-care facility for the period from March 11, 1989, until November 30, 1989.

Ordered that the judgment is affirmed, with costs.

The defendant contends that the Supreme Court erred in entering a judgment which permitted the New York State Department of Social Services (hereinafter the department) to collect accrued penalties from March 11, 1989, which was 31 days after the issuance of the department's administrative determination that the defendant was operating an adult-care facility without a license, through November 30, 1989, when the Court of Appeals denied leave to appeal the judgment of this Court which confirmed the administrative determination in a proceeding pursuant to CPLR article 78.

Following the language of Social Services Law § 460-d (9) (former [b]), as it read in 1989, the department determined that since the defendant was operating an unlicensed adult-care facility, a penalty of $1,000 a day would be imposed against him 31 days after the administrative determination if he failed to submit a completed, approvable application for a license within 30 days of the issuance of the department's determination. If the application was submitted and not approved, assessment of the penalty would commence within 31 days after the disapproval was rendered. The defendant contends that the Supreme Court could not enter judgment imposing a penalty upon him which accrued after February 8, 1989, the date of the administrative determination, since there was no evidence that he had continued to operate the residence illegally after that date.

The purpose of Social Services Law § 460 *et seq.,* is to ensure that residential facilities, which provide special services and care to mentally disabled adults, maintain certain standards to protect the health and well-being of the residents *(see,* Social Services Law § 461; 18 NYCRR part 487 *et seq.).* The statutory provision which permits the department to impose a cumulative fine of up to $1,000 per day provides the means by which the department may enforce the standards *(see,* Social Services Law § 460-d [9] [a]). Such a cumulative penalty has been held to be a constitutionally valid means of control *(see, Oriental Blvd. Co. v Heller,* 27 NY2d 212, 220 ["the courts have long sustained a pyramiding of penalties as valid means of control"]).

The enforcement provisions of Social Services Law § 460-d would be rendered meaningless, if, once the department concluded that a facility was operated illegally, it could not impose penalties as a means of controlling the operator's conduct and as an inducement to the operator to obtain

proper licensing until updated inspections were conducted. Under the defendant's statutory construction, the department would have the impossible task of determining daily that the violations continued. Rather, the statute reasonably provides that after the department's determination is rendered, it is the operator's burden to apply for a license and prove that he or she has ceased to violate the provisions of the statute, in order to avoid the imposition of penalties (see, Social Services Law § 460-d [7] [b] [1]; [9] [a], [b]).

The record indicates that the defendant never filed an application for a license, and he prevented all subsequent attempts by the department to inspect his facility to determine the current status of the operation during the period that the defendant was appealing the administrative determination. Nor did the defendant make any effort to prove that he has ceased to operate an illegal .adult-care facility. Therefore, the Supreme Court did not err in awarding the plaintiff the accrued penalties. ·

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.